IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **GOOGLE, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **TRAFFIC INFORMATION, LLC.** <br><br> Defendant. | Misc. Action No. 12-2 <br><br> From: Civil Action No. 09-642 <br> U.S.D.C., District of Oregon <br><br> **MOTION TO QUASH OR MODIFY SUBPOENA DUCES TECUM DIRECTED TO CINCINNATI BELL INC.** |

Non-party Cincinnati Bell, Inc. ("Cincinnati Bell") hereby moves this Court, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, to quash the subpoena *duces tecum* issued to it by Traffic Information, LLC ("Traffic"), a party in the action *Google, Inc. v. Traffic Information, LLC*, Case No. 09-642 in the U.S. District Court for the District of Oregon. Cincinnati Bell further requests that this Court award it reasonable attorneys' fees and costs associated with this motion.

The following memorandum of law and the attached exhibits support this motion.

                                        Respectfully submitted,

Dated: January 23, 2012          /s/ Kevin W. Kirsch
                                        Kevin W. Kirsch (0081996)
                                        John Bennett (0074506)
                                        BAKER & HOSTETLER LLP
                                        312 Walnut Street, Suite 3200
                                        Cincinnati, Ohio 45202-4074
                                        Telephone: (513) 929-3499
                                        Facsimile: (513) 929-0303
                                        kkirsch@bakerlaw.com
                                        jbennett@bakerlaw.com

                                        *Attorneys for Non-Party*
                                        *Cincinnati Bell Inc.*

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

The subpoena ("Subpoena") directed to non-party Cincinnati Bell, Inc. ("Cincinnati Bell") for the benefit of Traffic Information, LLC ("Traffic") should be quashed for several reasons. As an initial matter, the Subpoena fails the threshold issue of proper service. Further, the Subpoena subjects Cincinnati Bell to undue burden, particularly given the short period for compliance and the broad, vague, and ambiguous scope of its requests. Cincinnati Bell believes the information sought by Traffic should be readily available from other sources including Google, Inc., a party to the lawsuit. The Subpoena also seeks Cincinnati Bell's confidential business and customer data. Because Rule 45 allows a court to quash a subpoena that subjects a non-party to undue burden, that seeks confidential documents, or that requires production of documents that are available from a party to the action, the Subpoena should be quashed.

### II. BACKGROUND FACTS

#### A. The Lawsuit

The above-captioned case ("Oregon Litigation") is a patent infringement action wherein Traffic accuses Google of infringing its patent for mapping software. Specifically, Traffic alleges that "Google Maps for Mobile" is an infringing product. Cincinnati Bell Wireless, an affiliate of Cincinnati Bell, sells and services mobile telephones that, in some cases, are equipped with Google Maps for Mobile.

Cincinnati Bell had instituted its own declaratory judgment action against Traffic in November 2010, but the parties quickly settled. Thus, Cincinnati Bell is not a party to the Oregon Litigation or any litigation involving Traffic's patents.

### B. The Subpoena

On January 6, 2012, Traffic executed the Subpoena, issued by this Court, directed to Cincinnati Bell in connection with its defense of the Oregon Litigation. (Ex. 1, Subpoena.) Traffic sent the Subpoena to Cincinnati Bell not by personal service, but by certified mail, and did not tender a witness fee in connection with the deposition request. (Ex. 2, Cover Letter.) The Subpoena specifies compliance dates of January 24, 2012 for document production and January 27, 2012 for deposition.

Traffic seeks the deposition of a Cincinnati Bell corporate representative and contains discovery requests that are vague and ambiguous. Traffic requests Cincinnati Bell to provide information about "MOBILE PHONES," which are defined to include "mobile telephones . . . with 'Google Maps for Mobile' preinstalled thereon." The first deposition topic seeks testimony regarding the "monthly number of each of the MOBILE PHONES" sold by Cincinnati Bell since July 2005. The second topic seeks "identification of mobile telephones . . . sold by [Cincinnati Bell] since July 1, 2005 with 'Google Maps for Mobile' preinstalled thereon." The document request seeks documents "summarizing the monthly number of each of the MOBILE PHONES" sold by Cincinnati Bell since July 2005.

### C. Cincinnati Bell Objects to Subpoena

After receiving the Subpoena, Cincinnati Bell, through counsel, sent an objection letter, pursuant to Rule 45(c)(2)(B), to Traffic's counsel setting forth Cincinnati Bell's concerns. (Ex. 3, Objections.) Because of the short time frame the Subpoena afforded Cincinnati Bell to comply with the Subpoena, Cincinnati Bell and Traffic have not had an opportunity to attempt to resolve this matter extrajudicially.

### III. ARGUMENT

#### A. The Subpoena Was Not Served According to Rule 45.

Rule 45 requires the subpoenaing party to "deliver[] a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "Rule 45(b)(1) requires personal service of subpoenas and does not permit service by certified mail." *McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-cv-1160, 2006 WL 2380601, at * 2 (S.D. Ohio Aug. 14, 2006).

Traffic attempted to serve the Subpoena by certified mail and failed to tender the witness fee required by Rule 45(b)(1). Failing to meet these threshold requirements to subpoena a non-party, the Subpoena should be quashed.

#### B. The Subpoena Subjects Cincinnati Bell to Undue Burden.

Limits exist to the otherwise liberally constructed discovery rules. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). This is especially true when a subpoena is involved. In fact, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating . . . [a] Rule 45 inquiry." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Thus, in that light, a subpoena *duces tecum* shall be quashed or modified if it: (1) subjects the non-party to undue burden; (2) seeks confidential and/or trade secret material; (3) requires the disclosure of privileged information; or, (4) seeks non-relevant information or documents that presumably are available from a party in the litigation. Fed. R. Civ. P. 45(c); *EEOC v. Ford Motor Co.*, 26 F.3d 44, 48 (6th Cir. 1994); *Musarra v. Digital Dish, Inc.*, 2008 WL 4758699, * 4 (S.D. Ohio, Oct. 30, 2008) (quashing subpoena because documents sought were available from a party to the action); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (same); Fed. R. Civ. P. 26(b)(1); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 360-62

(8th Cir. 2003) (subpoena must seek relevant information). Several of these grounds exist in this matter.

The Subpoena allows Cincinnati Bell only two weeks to compile six years' worth of sales information and requires Cincinnati Bell to figure out which mobile phones it sold ***with Google Maps for Mobile preinstalled***. The undue burden imposed by the Subpoena is exacerbated by its ambiguity. *Musarra*, at 2008 WL 4758699, * 1 (determining undue burden by considering factors such as the breadth of the requests, the time period covered, and the particularity with which the requested documents are described); *American Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (same). For example, it is unclear what Traffic means when it asks for a Cincinnati Bell witness to provide "identification" of mobile phones with Google Maps for Mobile preinstalled. And it is unclear what constitutes a "summarization" of Cincinnati Bell's sales of such mobile phones.

Further, the burden placed on Cincinnati Bell may be unnecessary. It is possible, if not likely, that information regarding the preinstallation of Google Maps for Mobile on Cincinnati Bell telephones would be available from Google, a party to the litigation. The burden of production should not be placed on a non-party before a party to the litigation. Indeed, a court should not impose the burden of production on a non-party when the document is available from a party to the action. *Musarra*, 2008 WL 4758699, at * 4 (quashing subpoena because documents sought were available from a party to the action); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (same). Therefore, the subpoena should be quashed.

        **C.**      **The Subpoena Seeks Cincinnati Bell's Confidential Information.**

Traffic seeks Cincinnati Bell's confidential sales information and, depending how Traffic's ambiguous requests are construed, information regarding Cincinnati Bell's customers. Cincinnati Bell has not been afforded the benefit of a protective order to shield its sensitive

6

information. Traffic's requests should be quashed pursuant to Rule 45(c)(3)(B)(i). *See also*, *American Standard Inc.*, at 828 F.2d 734, 740-743 (quashing subpoena seeking confidential and trade secret material from non-party in patent matter); *U.S. v. United Fruit Co.*, 410 F.2d 553, 557, n. 11 (5th Cir. 1963) (holding company harmed by disclosure of financial and marketing information to competitor).

Cincinnati Bell's business will be irreparably harmed if its confidential sales, financial, and/or customer data is accessed by its competitors, and this Court lacks enforcement power over any protective order entered into in the Oregon Litigation. The sure method to protect Cincinnati Bell's interests is to quash the Subpoena.

## IV. CONCLUSION

The Subpoena was not served in compliance with Rule 45(b)(1). Its breadth and lack of specificity, combined with the narrow time it provides for compliance, subjects Cincinnati Bell to undue burden. It also seeks information that should be in possession of the parties to the case and confidential information regarding Cincinnati Bell and its customers. Thus, the Subpoena should be quashed.

In the alternative, the Subpoena should be modified to add specificity to the requests, to provide Cincinnati Bell a fair amount of time to comply, and to provide protection for Cincinnati Bell's confidential information.

                                        Respectfully submitted,

Dated: January 23, 2012          /s/ Kevin W. Kirsch
                                        Kevin W. Kirsch (0081996)
                                        John Bennett (0074506)
                                        BAKER & HOSTETLER LLP
                                        312 Walnut Street, Suite 3200
                                        Cincinnati, Ohio 45202-4074
                                        Telephone: (513) 929-3499
                                        Facsimile: (513) 929-0303
                                        kkirsch@bakerlaw.com
                                        jbennett@bakerlaw.com

                                        *Attorneys for Non-Party*
                                        *Cincinnati Bell Inc.*

## CERTIFICATE OF SERVICE

I certify that on January 23, 2012, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

The foregoing was also served via U.S. mail and electronic mail upon the following:

C. Dale Quisenberry (dquisenberry@pqelaw.com)
POLASEK, QUISENBERRY & ELLINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401

Robert A. Shlachter (rshlachter@stollberne.com)
Timothy S. DeJong (tdejong@stollberne.com)
STOLL, STOLL, BERNE, LOKTING & SHLACHTER, P.C.
209 Southwest Oak Street
Portland, Oregon 97204

*Attorneys for Traffic Information, LLC*


Julia E. Markley (jmarkley@perkinscoie.com)
Ramsey M. Al-Salam (ralsalam@perkinscoie.com)
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209

Thomas H. Shunk (tshunk@bakerlaw.com)
Christina J. Moser (cmoser@bakerlaw.com)
BAKER & HOSTETLER LLP
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114

*Attorneys for Google, Inc.*

/s/ John F. Bennett
John F. Bennett